**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 1:20-XX-XXXXX

SOLAR ECLIPSE INVESTMENT FUND VII, LLC, SOLAR ECLIPSE INVESTMENT FUND VIII, LLC, SOLAR ECLIPSE INVESTMENT FUND XIV, LLC, LLC, SOLAR ECLIPSE INVESTMENT FUND XXVII, LLC, SOLAR ECLIPSE INVESTMENT FUND XXXII, LLC, SOLAR ECLIPSE INVESTMENT FUND XXXV, LLC,

**Plaintiff.**

**v.**

T-MOBILE USA, INC., INTERNATIONAL SPEEDWAY CORPORATION, MARSHALL & STEVENS, INC.,

**Defendants.**

_____/

**DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446 and 1447, Defendant T-Mobile USA, Inc. ("T-Mobile") hereby removes the above-captioned action, presently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. As grounds for removal to this Court, Defendants state as follows:

### I. BACKGROUND AND PROCEDURAL FACTS

1. On December 17, 2020, six investment funds (the "Funds")[1] filed the instant Complaint, Case No. 2020-27234-CA-01 (Fla. 11th Cir. Ct.) (attached hereto as **Exhibit 1**) (the "Complaint"), against T-Mobile, International Speedway Corporation ("ISC"), and Marshall & Stevens, Inc. ("M&S") (collectively, "Defendants").

2. On December 23, 2020, the Funds served the Complaint on T-Mobile.

3. DC Solar Solutions and DC Solar Distribution (defined collectively in the Complaint as "DC Solar") are, as alleged in the Complaint, part of a group of conspirators that defrauded investors out of hundreds of millions of dollars. (Compl. ¶ 28.) A number of the key conspirators have been charged with, and pled guilty to, an array of federal charges. Press Release, U.S. DOJ, Top Executives Plead Guilty to Participating in a Billion Dollar Ponzi Scheme – the Biggest Criminal Fraud Scheme in the History of the Eastern District of California (Jan. 24, 2020), https://www.justice.gov/usao-edca/pr/top-executives-plead-guilty-participating-billion-dollar-ponzi-scheme-biggest-criminal (last visited December 27, 2020) (attached as **Exhibit 2**).

4. In the Complaint, the Funds allege, *inter alia*, that each of the named Defendants, T-Mobile, ISC, and M&S, played unrelated roles in actively or passively facilitating a fraudulent scheme to lure investors to invest in DC Solar's mobile solar generator ("MSG") business. (Compl. ¶¶ 1-2.) The Funds aver that they purchased the MSGs based on DC Solar's misrepresentations regarding the returns they would receive from large leases that DC Solar claimed to have with entities such as T-Mobile and ISC, and in turn lost their investments as a result of the fraudulent schemes. (*Id.* ¶¶ 14, 15, 36-42.)

---

[1] Solar Eclipse Investment Funds VII, VIII, XIV, XXVII, XXXII, and XXXV.

5. The Complaint incorrectly alleges that T-Mobile shares responsibility for DC Solar's fraud by reason of the involvement of a low-level former employee, Alan Hansen ("Hansen"). As the Funds well know, Hansen was paid $1,000,000 by DC Solar to secretly sign a fabricated "agreement" between DC Solar and T-Mobile, which was concealed from T-Mobile and of which T-Mobile was unaware. Hansen, and others including DC Solar's principals, were charged with federal crimes for their role in the DC Solar scheme. Hansen and others have pled guilty.

6. Hansen, who was a low-level field supervisor,[2] admits in his Plea Agreement that in 2015, shortly before leaving T-Mobile to join DC Solar, he forged the fraudulent agreement in exchange for $1,000,000, and never disclosed to T-Mobile the agreement or that he was paid to sign it. Hansen Plea Agreement, at A-1, *U.S. v. Hansen*, No. 20-cr-00016 [ECF No. 16] (E.D. Cal. July 28, 2020) ("Hansen Plea Agreement") (attached as **Exhibit 3**).

6. The Funds improperly lump all Defendants together in a shotgun pleading by alleging the following causes of action against Defendants jointly: Count I Fraudulent Misrepresentation/Concealment (Compl. ¶¶ 107-33), Count II Aiding and Abetting Fraud (*Id.* ¶¶ 134-53), and Count III Negligent Misrepresentation (*Id.* ¶¶ 154-74).

7. The facts alleged against Defendants have no nexus, much less any allegations against Defendants that are based on the same transaction or occurrence or common question of law or fact. Nor is there any privity or other relationship alleged to exist between Defendants.

---

[2] As the Funds are well aware, Hansen was not an "executive," as falsely alleged in the Complaint. (Compl. ¶ 42.) By his own admission in the Plea Agreement, he had been working for T-Mobile for approximately 10 years and was earning approximately $125,000 per year. Hansen Plea Agreement, A-7. He admits in his Plea Agreement that he knew he did not have authority to sign the fraudulent agreement. *Id.*

## II.     DIVERSITY JURISDICTION

8.     This action may be removed pursuant to 28 U.S.C. § 1332(a), which provides that U.S. Districts Courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 (exclusive of interest and costs) between citizens of different states.

9.     The amount in controversy alleged in the Complaint is greater than $75,000.  The Funds claim that the alleged fraudulent scheme "caused the Funds' losses and enabled a $2.5 billion fraud," and that the Funds paid a $45,000 deposit per MSG on over a billion dollars' worth of MSGs.  (Compl. ¶¶ 23, 26-47.)

10.     The proper parties to this action are each citizens of different states.

11.     Upon information and belief, and as alleged in the Complaint, the Plaintiff Funds are citizens of California. (*Id.* ¶ 23.)[3]

12.     T-Mobile is a corporation organized and existing under the laws of Delaware, with its principal place of business in Bellevue, Washington.

13.     ISC is a corporation organized and existing under the laws of Florida, with its principal place of business in Daytona Beach, Florida.

14.     Upon information and belief, M&S is a corporation organized and existing under the laws of Delaware, with its principal place of business in Los Angeles, California.  The Funds joined M&S as a purported defendant in a transparent and fraudulent attempt to destroy diversity jurisdiction and defeat removal.  *Tapscott vs. MS Dealer Serv. Corp.*, 77 F. 3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.

---

[3]     Based on records publicly available through the California Secretary of State website, all six Plaintiff Funds are California LLCs that have an individual with a California address as its sole member.

2000) (affirming district court's finding of no joint liability or conspiracy allegations and disregarding citizenship of fraudulently joined defendant for diversity purposes).

15. In a recently filed related case, Neil Luria, the Receiver representing other Solar Eclipse Investment Funds ("Receiver"), sued T-Mobile based on virtually identical allegations against T-Mobile as those set forth in the instant Complaint. *Neil Luria, as Receiver for Solar Eclipse Investment Fund III, LLC, et al. v. T-Mobile et al.*, No. 20-cv-24012 (S.D. Fla.) (Gayles, J.) (the "Receiver Action"). In an action brought by a Receiver, it is the citizenship of the Receiver that matters for purposes of diversity jurisdiction. The Receiver alleged that he is a citizen of Florida.

16. Thus, in order to defeat diversity, the Receiver, through his counsel, fraudulently joined ISC, a Florida corporation, as a Defendant to destroy diversity jurisdiction and defeat removal. Yet, the allegations against T-Mobile have nothing whatsoever to do with the allegations against ISC. T-Mobile and ISC removed that case to federal court based on fraudulent joinder and federal bankruptcy jurisdiction, respectively, and the Receiver moved to remand. The Receiver's remand motion is fully briefed and has been referred to Magistrate Judge Torres [ECF No. 25]. The remand motion is pending.

17. The instant Complaint, filed by the same lawyers who represent the Receiver of the other Solar Eclipse Investment Funds in the Receiver Action, employs the same transparent fraudulent joinder strategy, with no bona fide purpose other than to defeat diversity jurisdiction through the addition of an unrelated defendant with the same California citizenship as the six Plaintiff Funds.

18. In short, the lawyers that represent the Funds here, as well as the Receiver in the Receiver Action, have a simple strategy in these cases. They fraudulently join a defendant that

shares the same state of citizenship with whichever party they represent, no matter how attenuated (or nonexistent) the defendant's relationship is to the other defendant or defendants. In short, the Receiver and the Funds, through their counsel, have a strategy of merely conjuring up unrelated defendants to add as a party to each new case in order to destroy diversity. This is the quintessential definition of fraudulent joinder, and the very reason that the fraudulent joinder doctrine exists.

19. Including M&S in this action but *not* in the Receiver Action exposes the fraudulent joinder strategy employed in both cases. In the Receiver Action, ISC, a Florida entity, was fraudulently joined to defeat diversity because the Receiver alleges that he is a Florida citizen. Here, M&S, a California entity, was added as a Defendant to defeat diversity because the six Funds are California citizens for diversity purposes. Yet, M&S was not mentioned at all in the Receiver Action, which asserts the same allegations against T-Mobile and ISC. Ironically, one of the headers in the Complaint is titled, in part, "NO FEDERAL ONLY STATE JURISDICTION," waving another red flag that highlights the Funds' lawyers' fraudulent joinder strategy. (Compl. at 4.)

20. Moreover, the Complaint contains no allegations of a conspiracy among T-Mobile and ISC or M&S, much less one based on the same transaction or occurrence or common question of law or fact. Hansen admits in his Plea Agreement that he secretly forged the phony contract with DC Solar as long as two years before ISC signed any of its agreements with DC solar. Likewise, the Complaint alleges that M&S assisted DC Solar in connection with the ISC contracts to obtain loans to back its agreements, over a year after Hansen forged the phony contract. (Compl. ¶¶ 86-89.) Moreover, ISC's agreements and M&S's purported involvement

6

in assisting DC Solar with the loan supporting them has nothing to do with the phony contract that Hansen forged.

21. Finally, the Complaint admits that Hansen signed the phony contract in September 2015. (Compl. ¶ 46.) Yet, the Complaint also admits that four of the six Plaintiff Funds made their investments before Hansen signed that phony contract, and thus their decision to invest in DC Solar could not have been influenced by the phony T-Mobile contract or any representations about it (because it did not yet exist). (*Id*. ¶¶ 36-41.)[4]

### III.   OTHER PROCEDURAL MATTERS

22. This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" the Funds filed the Complaint in this action: Miami-Dade County, Florida. *See* 28 U.S.C. § 1446(a); U.S. S.D. Fla., Civil Filing Requirements 5H (Aug. 28, 2019).

23. A copy of this Notice of Removal has been filed contemporaneously with the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d).

24. As required by 28 U.S.C. § 1446(a), copies of all available state court process, pleadings, and orders, are attached hereto as **Composite Exhibit 4**, including the state court docket.[5]

---

[4]   Paragraphs 36-41 of the Complaint misidentify the Plaintiffs as "DC Solar" funds instead of "Solar Eclipse" funds.

[5]   Some documents reflected on the state court docket are not yet electronically available.

25. Upon information and belief, pursuant to information provided by ISC and M&S, neither ISC or M&S has been served with the Complaint.

26. T-Mobile further reserves all available defenses to the Funds' claims and does not admit any of the allegations the Funds made in the Complaint attached hereto.

**WHEREFORE**, T-Mobile hereby removes this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. No. 2020-27234-CA-01, to the United States District Court for the Southern District of Florida.

Dated: December 27, 2020.

Respectfully submitted,

HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Telephone:    (305) 459-6500
Facsimile:    (305) 459-6550

By: /s/ *David Massey*
    Marty Steinberg
    Fla. Bar No.: 187293
    Email: marty.steinberg@hoganlovells.com
    David Massey
    Fla. Bar No.: 86129
    Email: david.massey@hoganlovells.com
    Reginald Cuyler Jr.
    Florida Bar No.: 114062
    Email: reginald.cuyler@hoganlovells.com
    Joshua Fordin
    Florida Bar No.: 125219
    Email: joshua.fordin@hoganlovells.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via e-mail, on the 27th day of December 2020, to:

Hector Lombana, Esq.
Florida Bar #238813
LOMBANA HOELLE
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
hector@lhtrial.law
Tel: (305) 859-0092


Steven W. Thomas
Florida Bar # 0075428
Thomas, Alexander, Forrester & Sorensen LLP
14 27th Avenue
Venice, California 90291
steventhomas@tafattorneys.com
Tel: (310) 961-2536
Fax: (310) 526-6852