**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 20-cv-25257-GAYLES/TORRES

SOLAR ECLIPSE INVESTMENT FUND
VII, LLC, *et al.*,

                Plaintiffs,

v.

T-MOBLIE USA, INC.,
INTERNATIONAL SPEEDWAY
CORPORATION, MARSHALL
& STEVENS, INC.,

                Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Remand. [ECF No. 7]. The action was referred to Magistrate Judge Edwin G. Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 6]. On February 16, 2021, Judge Torres issued his report recommending that the Motion to Remand should be denied as to Defendant T-Mobile USA, Inc. ("T-Mobile") and granted as to Defendants International Speedway Corporation ("ISC") and Marshall & Stevens, Inc. ("M&S") (the "Report"). [ECF No. 30]. ISC filed timely objections to the Report. [ECF Nos. 39]. For the reasons that follow, the Court adopts the Report in full.

## BACKGROUND[1]

Plaintiffs are a group of investment funds (the "Funds") that were the victims of a Ponzi scheme orchestrated by Jeff and Paulette Carpoff and their company, DC Solar Distribution Inc., and its related entities ("DC Solar"). Plaintiffs filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") against T-Mobile, ISC, and M&S (collectively "Defendants") alleging that Defendants enabled and participated in the Ponzi scheme. T-Mobile removed the action to federal court on the basis of diversity jurisdiction. Plaintiffs have moved to remand arguing that the parties are not completely diverse because Plaintiffs and M&S are both citizens of California. In its response, T-Mobile argued that (1) Plaintiffs have no possible cause of action against M&S and only joined M&S to destroy diversity (fraudulent joinder) and (2) there is no connection between the facts underlying the claims against M&S and the facts underlying the claims against T-Mobile, therefore Plaintiffs improperly joined M&S (procedural misjoinder). In its separately filed response, ISC argues that M&S has been fraudulently joined and procedurally misjoined such that M&S's citizenship should be ignored for the purpose of diversity jurisdiction. ISC also argues that even if there is no diversity jurisdiction, the Court has federal bankruptcy jurisdiction over Plaintiffs' claims. M&S did not respond to the Motion.

In his Report, Judge Torres found that while there was no fraudulent joinder, Plaintiffs procedurally misjoined M&S because there is no connection between T-Mobile's and the other Defendants' (ISC and M&S) alleged participation in the Ponzi scheme. However, the Report found that ISC and M&S were properly joined based on their alleged coordinated effort to defraud third parties. Judge Torres also found that the Court does not have federal bankruptcy jurisdiction over the claims. Based on these findings, Judge Torres recommended that the Court sever the claims

---

[1] The Court incorporates the Report's recitation of the factual and procedural background.

against M&S and ISC, deny the Motion to Remand as to T-Mobile, and grant the Motion to Remand as to ISC and M&S.

In its objections, ISC agrees with the Report's finding that the Complaint did not allege a concerted action between T-Mobile and ISC or M&S and the Report's recommendation that T-Mobile be severed based on procedural misjoinder. ISC only objects to the Report's findings that (1) M&S and ISC's joinder is proper and (2) there is no bankruptcy jurisdiction. [ECF No. 39].

## DISCUSSION

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Following a *de novo* review of the record, the Court agrees with the Report's well-reasoned finding that M&S and ISC's joinder is proper. The Complaint sufficiently alleges that M&S and ISC worked together to perpetrate a Ponzi scheme. *See* [ECF No. 1-2 at ¶¶ 9, 87, 99, 102]. Therefore, ISC's objection is overruled.

The Court also finds that ISC's argument that this Court can exercise jurisdiction over all of Plaintiffs' claims under "related to" bankruptcy jurisdiction is without merit. The scope of "related to" bankruptcy jurisdiction is not "limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Indeed, "to accept jurisdiction on the basis that the controversy is related, it must appear

on the face of the complaint that it has an affect on the estate of the Debtor[.]" *In re Southampton Dev. Corp.*, 191 B.R. 471, 473 (Bankr. M.D. Fla. 1995). Here, any potential effect this action might have on DC Solar's bankruptcy estate is not evident on the face of the Complaint. Indeed, while DC Solar is repeatedly referenced, there is nothing in the Complaint which would indicate that Plaintiffs' recovery would be from DC Solar's Estate. *See In re Schwartzwalder*, 242 B.R. 734, 739 (Bankr. M.D. Fla. 1999) ("Proceedings to resolve disputes between two nondebtors regarding property which is not property of the estate generally are not 'related to' a bankruptcy case within the meaning of § 1334 of title 28."). Accordingly, ISC's objection is overruled.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   Judge Torres's Report and Recommendation, [ECF No. 30], is **ADOPTED in FULL**; and

(2)   Plaintiff's Motion for Remand [ECF No. 7] is **DENIED** as to T-Mobile and **GRANTED** as to ISC and M&S. All claims against ISC and M&S are **SEVERED** and **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE